(85 South. 832)

GORE v. STATE. (5 Div. 318.)

(Court of Appeals of Alabama. May 18, 1920.
Rehearing Denied June 8, 1920.)

1. CRIMINAL LAW ⟨⟩1045—NO ERROR IN AB-
SENCE OF RULING ON PLEAS BY TRIAL
COURT.

Where it does not appear that there was
any insistence in the circuit court on pleas in
abatement questioning the validity of the in-
dictment because witnesses before grand jury
were sworn by a deputy solicitor, who was not
appointed according to law, or that there was
any ruling on the pleas, there is nothing for
an appellate court to pass on concerning such
pleas.

2. CRIMINAL LAW ⟨⟩995(5)—ENTRY ADDING
ADDITIONAL HARD LABOR TO FINE HELD
JUDGMENT OF COURT.

An entry purporting to add additional hard
labor to a fine imposed held sufficiently shown
by entries to be the judgment of the court.

Appeal from Circuit Court, Chilton Coun-
ty; Leon McCord, Judge.

Albert Gore was convicted of assault with
intent to murder, and he appeals. Affirmed.

Grady Reynolds, of Clanton, for appellant.

The indictment should have been quashed
on the plea in abatement, in the absence of
a proper solicitor. Section 7787, Code 1907.
78 Ala. 448. The sentence was improper.
55 Ala. 86; 103 Ala. 95, 15 South. 506; ante,
p. 49, 81 South. 449.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 35.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

MERRITT, J. [1] The defendant was in-dicted for and convicted of the offense of assault and battery. It appears from the record that the defendant filed pleas in abatement, questioning the validity of the indictment because the witnesses before the grand jury were sworn by G. C. Walker, deputy solicitor, who was not appointed, so defendant contends, according to law. It does not appear that there was any insistence on the pleas in the circuit court, or that there was any ruling on the pleas, and, it not appearing that there was any ruling of the circuit court on the pleas, there is, of course, nothing for us to pass upon.

[2] The judgment entry recites that issue was joined on defendant's plea of not guilty, and that the jury on this plea found the defendant guilty and assessed a fine against him of $75. This clause then follows in the judgment entry:

"It is therefore considered by and it is the judgment of the court that the state of Alabama, for the use of Chilton county, have and recover of Albert Gore the said fine of $75 and the cost of this prosecution, for which let execution issue. And defendant is sentenced to six months' hard labor for the county of Chilton, imposed by the court as additional punishment."

The defendant contends that that portion of the judgment purporting to add additional hard labor is void and inoperative, for the reason that it is not shown to be the judgment of the court imposing the additional hard labor. We think that the portion of the judgment set out above in reference to the recovery of the fine imposed by the jury clearly has reference also to the imposition of the hard labor, and that it is sufficiently clear to make it a valid and binding judgment, not only as to the fine, but as to the hard labor imposed.

Besides, it clearly appears elsewhere in the judgment that "it is the judgment of the court that the defendant is guilty." There being no error, the judgment is affirmed.

Affirmed.